UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RICHARD WHITTINGTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff | ) | |
| | ) | 1:18-cv-00210-JDL |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e)**

Plaintiff filed a complaint through which he seeks to recover money damages based on certain representations Defendant allegedly made in 2016 and 2017.

With his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so

1

as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), to allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition to stating a plausible claim, Plaintiff must assert a claim within the Court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." *United States v. Univ. of Mass., Worcester*, 812 F.3d 35, 44 (1st Cir. 2016).

## DISCUSSION

Plaintiff alleges that in 2016, while Defendant was a candidate for the office of President of the United States, and in 2017, Defendant made certain representations or commitments that Defendant failed to fulfill.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

The jurisdiction of the federal courts is limited to "Cases" and "Controversies." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016) (quoting U.S. Const. art. III, § 2, cl. 1). The limitation reflects "the proper – and properly limited – role of the courts in a democratic society." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). In this case, Plaintiff seeks to assert a claim based on Defendant's failure to implement certain policies. The claim is nonjusticiable because it raises a matter that is "commit[ted] … to a coordinate political department," "lack[s] … judicially discoverable and manageable standards for resolving it," and cannot be decided "without an initial policy determination of a kind clearly for nonjudicial discretion." *Baker v. Carr*, 369 U.S. 186, 217 (1962). Furthermore, Plaintiff would lack standing to assert any potential claim based

on the facts alleged given that the facts reflect a generalized grievance concerning a matter committed to the representative branches of government. *Chardon – Dubos v. United States*, 273 Fed. App'x 5 (1st Cir. 2008) (citing *FEC v. Akins*, 524 U.S. 11, 24 (1998), and *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474 – 75 (1982)). *See*, *e.g.*, *Do-Nguyen v. Clinton*, 100 F. Supp. 2d 1241, 1245 – 47 (S.D. Cal. 2000) (dismissing claims related to executive policy, citing plaintiff's lack of standing to assert claims involving generalized grievances and matters "more appropriately addressed in the representative branches" and, in the alternative, based on nonjusticiability of political question); *Weinstein v. Trump*, No. 1:17-cv-01018, 2017 WL 6544635, at *4 (S.D.N.Y. Dec. 21, 2017) (dismissing action to enforce alleged promise or pledge to address conflicts of interest).[1]

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[1] To the extent Plaintiff contends he has standing to assert a claim for promissory estoppel based on Defendant's statement that he would "help" Plaintiff with his apartment plans, Plaintiff has not alleged an actionable claim as Plaintiff has not alleged a promise "specific enough to enforce." *Harvey v. Dow*, 962 A.2d 322, 325 (Me. 2008) (quoting *Gagne v. Stevens*, 696 A.2d 411, 416 (Me. 1997)).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 8th day of June, 2018.